. Jacob Markowitz, J.
Petitioner' seeks, review pursuant to article 78 of the ■ CPLB of his dismissal by Columbia University as ' “ Project Director of. the Center on Social Welfare Policy and :Law.” ' •
. Petitioner ’s employment commenced January 1, 1970 and was terminated January 21, 1971. The Center ” is funded by the United States Office of- Economic Opportunity. The difficulties between the parties commenced sometime in September, 1970, and culminated in his dismissal after a series of investigations, evaluations, and documental complaints convinced respondents of petitioner’s unsuitability for the job. Concededly, petitioner was not presented with formal charges nor was he afforded a hearing prior to. discharge.
Petitioner contends that he could not be discharged without Office of Economic Opportunity consent. He relies on an Office of Economic Opportunity Community Action Memo dated August 26, 1966, which is factually inapplicable to him. It appears to be the position of Office of Economic Opportunity as enunciated by its Acting Deputy Director of its Office of Legal Services that respondents did not need Office of Economic Opportunity *357 approval for what they did. There is nothing presented herein to refute this position.
Petitioner further contends that his dismissal violates subdivision 8 of section 226 of the Education Law, which provides that a dismissal of an employee of a university must be “ on examination and due proof of the truth of a written complaint ”, This section is by its terms limited to institutions chartered by the Regents of this State. Columbia University was chartered in 1810 by the New York State Legislature and is not subject to this enactment, nor could it be by virtue of the Dartmouth College case (4 Wheat. [17 U. S.] 518).
Insofar as petitioner’s claim relies on denial of due process, it has been consistently held that article 78 is not available for the enforcement of private contractual rights, nor does there appear any requirement that a private institution must afford an unwanted employee a hearing prior to discharge.
Finally, even if article 78 were applicable, it does not appear that respondents acted on whim or caprice. Their dissatisfaction with his services was periodically communicated to petitioner. Investigations were made, probationary periods granted, and detailed instructions as to how they expected him to fulfill his duties were issued to him. While he may not have had a formal hearing, there is nothing herein shown to show that he was dealt with unfairly.
Petition is dismissed.