Bertram Harnett, J.
In Matter of Ryan v. Hofstra Univ. (67 Misc 2d 651) and by subsequent judgment filed November 9, 1971, this court declared principles and rules concerning the attempted expulsion of a student from Hofstra University.
Essentially, the court nullified the disciplinary action taken against the student, Robert Ryan, Jr., and directed his reinstatement. The university, however, was authorized to reinstitute disciplinary proceedings in accordance with its rules subject to such modification as might be required by due process or equal protection of the laws. The court discussed governing principles in its memorandum.
It now appears from a motion submitted by the university and answered by the student that discussion between the parties ensued both before and after entry of judgment in the proceed *891 ing regarding renewal of the disciplinary proceedings in an agreeable procedure consistent with the principles established by the court. However, in the final analysis the parties could not get together. Accordingly, Hofstra University petitioned here for the entry of a supplementary judgment setting forth a procedure which it proposes. The student resists, arguing that Hofstra seeks relief by way of the supplementary judgment denied to it under the basic judgment.
The university has determined not to appeal, but seeks to comply with the court order. While it is not the practice of the courts to render advisory opinions (see Schollmeyer v. Sutter, 3 A D 2d 665), it is within the residual discretion of the court to clarify its principles previously expressed, and to give content to their specific application. The underlying subject matter, treated in a lengthy opinion, invoked sophisticated concepts of constitutional and other law.
Moreover, Hofstra University is an educational corporation organized under the State Education Law. For the very consideration described in the court’s memorandum decision, the university’s activities are replete with public interest and concern.
Bona fide disputation continues to flare between the university and the student. The court has the ability to act effectively here. It would be an abdication of the judicial function by any pragmatic social test, not to mention the prompt administration of justice, for the court to withdraw itself from these proceedings at this stage.
Accordingly, the court has reviewed the proposed renewed disciplinary procedure of the student by Hofstra University, and with the modifications indicated, expresses its approval.
The following procedures may govern. The university may, as it requests, convene through its university senate a special tribunal of five members to review de novo the charged incidents. This proposed special tribunal will consist of persons none of whom have previously participated in the disciplinary proceedings. The tribunal shall conduct a hearing to determine whether the student should be disciplined, and, if so, in what manner of discipline. The dean of students would then be bound by its decision.
The determination of the special tribunal shall be deemed a final one within the collegiate community and shall not be subject to the provisions for an appeal by either party at any echelon as currently described in the disciplinary procedures of the university. This does not preclude any recourse to judicial review.
*892 The special tribunal shall establish its own rules providing there is reasonable notice and fair opportunity to be heard at the appropriate junctures.
The student shall have the right to designate counsel of his own choosing before the special tribunal and shall have the right to confront and cross-examine all witnesses and to present a defense. As proposed by the university, these special proceedings shall be recorded at the university’s expense.
The university has requested specific authority to submit to the special tribunal all records in its possession concerning the student. In view of the fact that this is an administrative hearing, the court finds this reasonable. HoAvever, since the court has no actual knowledge of the records contemplated, nor the weight sought to be assigned to any particular source, this determination must not be considered as precluding the student from disputing in any later judicial review the appropriateness of the records or the reliance upon them by the special tribunal.
There would, of course, be no limitation on the university’s rights to institute, consistent with the court’s previous memorandum decision, further proceedings against the student for instances of misconduct or failure to comply with the university rules or standards occurring after the date of the judgment entered.
In prescribing these rules, the court reminds the parties that due process necessarily is a variable thing. As the court wrote in its prior decision: “ Something different is called for by a criminal trial than a college disciplinary proceeding. But, the constant factor is that the procedure afforded must be traditionally fair and conscionable in the context taken. Due process requirements do not prevent reasonable regulation by universities in disciplining students ”. (Matter of Ryan v. Hofstra, 67 Misc 2d 651, 671 supra.)
In order to close the gap of disputation as much as possible, the court is entering simultaneously with this decision its supplementary judgment in this proceeding.