Arnold L. Fein, J.
Plaintiffs, students, faculty members, alumni, student organizations and faculty organizations of defendants suing on their own behalf and in a representative capacity move for a temporary injunction in an action for a declaratory judgment and permanent injunction to prevent the closing of the College of Pharmaceutical Sciences in the City of New York (College). Defendants cross-move to dismiss the complaint or for summary judgment.
Preliminarily plaintiffs seek to restrain defendants (1) from closing the College pending the completion by its present students of their courses of studies and their obtaining a Columbia *13 University degree, if otherwise eligible; (2) from making any announcement of the closing of the College for the 1972-1973 academic year; (3) from refusing to accept freshman students for the 1972-1973 academic year.
This litigation stems from the financial crisis facing the College. The College contends that for several years it has been and is now in desperate financial straits, operating with deficits of $225,000 per year for each of the last three fiscal years and a deficit of $150,000 for the current fiscal year. The College alleges it has no endowments, the principal of which can be used. Its endowments, amounting to approximately $150,000, are restricted so that only the income may he used for scholarships and prizes. The College owns two parcels of real estate valued between $1,800,000 and $2,000,000, one of which bears a $675,000 mortgage. In addition, there are alleged claims against the College totaling $850,000.
The College claims that solely because of its poor financial condition, it cannot operate beyond June, 1972 unless it receives financial assistance from Columbia University (University) in the form of a guarantee of a bank loan, which the University is willing to grant subject to conditions which, even if complied with, would leave insufficient money to continue the College without considerable additional outside financial help.
Columbia University argues that it has neither the authority nor a duty to operate and provide financial support for the College, a separate corporation having its own board of trustees. This is confirmed by the affiliation agreement which provides that the University is under no obligation to provide management or financial support. Columbia University contends that even if it could be held chargeable with the responsibility for maintaining the College, the University is governed by a pre-Dartmouth College case (Dartmouth Coll. v. Woodward, 4 Wheat. [17 U. S.] 518) charter, first granted in 1754, giving it full power and discretion concerning its property, programs and affairs (Matter of Clancy v. Trustees of Columbia Univ., 66 Misc 2d 356).
The University states that since it is also in dire financial straits, economy measures have to be taken to ease its financial burden so as to preserve the University. This has required the reduction of services, programs and personnel in order to keep down costs throughout all University schools and departments. Nonetheless, it is faced with a deficit of approximately $11,000,000 in the current fiscal year. To require the University to undertake the responsibility of operating and providing financial support to the College would add to the University’s *14 financial burden and cau&ejfurther reductions in other programs and departments of the University.
Plaintiffs contend that a contractual relationship exists between students and College which precludes the College from arbitrarily closing its doors and refusing to permit further attendance. Plaintiffs rely on cases holding that upon admission to college there is an implied understanding that the students, if otherwise eligible, will be able to continue their studies until graduation and not be subject to arbitrary termination of further attendance (Matter of Carr v. St. John’s Univ., 34 Misc 2d 319; see Matter of Ryan v. Hofstra Univ., 67 Misc 2d 651, 68 Misc 2d 890). Although these are cases limiting the right of educational institutions to dismiss and discipline individual students, the principles they announce suggest that the court is not powerless to entertain a suit such as this. Even the business of private education may be affected with a public trust. It cannot be gainsaid that the closing of the College would make it more difficult for students already in attendance who are contemplating a career in pharmacy to continue their education because of the limited capacity of the remaining pharmaceutical schools in this vicinity (Matter of New York Law School, 68 N. Y. S. 2d 838).
It cannot be determined on motion whether Columbia University misled the students applying for admission to the College into the belief that it was an integral and inseparable part of the University.
Plaintiffs contend that Columbia University, by written word and deed, induced them as well as other members of the student body and faculty to attend the College, relying on its association with the University. The bulletin of the College bears the caption ‘ ‘ Columbia University Bulletin ’ ’. It was, plaintiffs say, the prestigious name of “ Columbia University ” which in some cases was the deciding factor in their choosing to study and teach at the College. It is noted that Columbia University awards the degree of Bachelor of Science in Pharmacy to the students who have successfully completed the course of studies at the College. On this basis and other evidence that the College was represented to be part of the University, plaintiffs claim the University is estopped to deny its responsibility to provide financial support despite the affiliation agreement. Sufficient is alleged to require a trial on this issue.
Defendants argue that plaintiffs have no standing to sue and that the court is powerless to act because only the Board of Regents has power to alter, suspend or revoke the charter of the College and to dissolve it (Education Law, § 219). There is no *15 merit to the contention that the students have no standing. Students presently attending the College should not be peremptorily cast out of the College, and their education interrupted for an indefinite time, perhaps forever, if such action is arbitrary. Students are entitled to consideration from educational institutions who invite them to pursue their education in the halls of learning of such institutions. Upon admission of a student to a college there is some obligation upon the part of the college to permit the student to continue his studies to graduation if willing and eligible to continue (Matter of Carr v. St. John’s Univ., 34 Misc 2d 319, supra; Matter of Ryan v. Hofstra Univ., 67 Misc 2d 651, 68 Misc 2d 890, supra). Of course, if circumstances beyond the control of the College, such as lack of finances, prevent the College from continuing, the issue is concluded. But there must be an opportunity to inquire into the basis of the determination. The court must provide it. This does not appear to be the function of the Board of Regents (Education Law, § 219).
Insufficient is shown for a temporary injunction. To require the College to accept a new class of freshmen at this juncture might put such newcomers in the same predicament as the plaintiff students. Defendants have made a prima facie showing of financial distress sufficient to warrant denial of plaintiffs’ motion for interim relief pending a trial. Plaintiffs’ motion is denied.
However, defendants are not entitled to summary dismissal of the complaint. There are issues which require exploration on a trial. The cross motions are denied.
The circumstances require an immediate trial (see National Distillers & Chem. Corp. v. R. H. Macy & Co., 23 A D 2d 51, 54 [First Dept.]). The case is set down for trial at Trial Term, Part I, on May 15, 1972 at the.head of the appropriate ready day calendar, subject to the approval of the Justice presiding thereat. The clerk shall accept a short note of issue, together with a copy of this order-decision, without a statement of readiness, upon payment of proper fees.
Issue is considered to be joined by deeming the allegations of the complaint to have been denied. In addition, the complaint shall be subject to all the defenses asserted in the opposing affidavits, in the absence of a formal answer prior to trial. Defendants are given leave to answer within 10 days after service of a copy hereof, with notice of entry. The interests of justice require an immediate trial. (Dynamic Classics, Ltd. v. Snyder Mfg. Co., 32 A D 2d 896; Diesel Constr. v. Wolff & Munier, Inc., 37 A D 2d 934.)